Tamaeerro, J.
In each of these cases the plaintiff is aiming to enforce a mortgage against property of the defendants whose notes, secured by these mortgages, he is the holder of, and is authorized to exercise the rights of mortgage appertaining to the same. These mortgages were granted in favor of one Gfassin, the original holder, in *277 renewal, as it is declared, of a debt originally owing by tbe ancestor of the defendants to Gassin, and which was secured by mortgage on-the same property.
The facts relating to the execution of the notes sued upon, and the-mortgages securing their payment, seem to be as follows: John M«Beelman, the father of these two defendants, and Frederick M. Beel-man, being indebted to Gassin in the sum of $2350, gave his note for that amount on the twenty-eighth of March, 1861, and to secure its payment mortgaged a quarter section of land, reserving fifteen acres of it, on which were certain buildings. F.. M. Beelman, for a like sum owing by him to Gassin, gave his note and secured its payment by mortgage on an adjoining quarter section of land owned by him. This occurred in April, 1861. In March, 1866, Frederick M. Beelman sold to his brother, Alexander J. Beelman, one hundred acres of this quarter section, reserving to himself the remainder, about fifty-nine acres and eighty-five hundredths. In this act of sale Alexander Beelman obligated himself to pay $1468 75 of the debt owing by Frederick M. Beelman to Gassin, with the proportional amount of interest that bad accrued. As part of the consideration Alexander Beelman transferred his share and interest in the estate of his father, then deceased, to Frederick Beelman. In May, 1867, the widow of John M. Beelman, and mother of Frederick, Alexander, and Laura Beelman, wife of Tinney, all heirs of John M. Beelman, joined with the heirs in a notarial act by which, in consideration of the undertaking of the heirs to release her from all obligation to pay any part of the debt owing by the estate of J. M. Beelman, and for the further consideration of becoming sole owner of the fifteen acres of land reserved in the mortgage of her husband to Gassin, she relinquished in favor of the heirs all her community rights, as well as all others, in the tract of land aforesaid. By this act the heirs accepted the succession of their father purely and simply, and made a partition of the land, specifying the part falling to each. In pursuance of the contract entered into with their mother, the three heirs, two of them the same day, and the other in June following, executed each a note for his respective share of the original debt to Gassin, and each executed a mortgage on his separate portion of the land partitioned, as we have before seen. When suit was brought upon these notes against the several makers they seem to have made no defense against the obligations they import, but each claimed the benefit of the homestead law upon his portion of the land, alleging necessitous circumstances, and their right to claim the exemption of their lands from sale under the mortgages. Judgment was rendered in favor of the right of homestead claimed by two of the defendants, Mrs. Tinney and Alexander Beelman; the mortgages executed by them were *278 declared null and void, and judgments were rendered in favor of the plaintiff for the amount of the notes sued upon.' From this judgment the plaintiff has appealed.
Two bills of exception appear in the record, but we do not consider it important to pass upon them in the consideration of the case.
It is strenuously argued on the part of the plaintiff, that the original mortgage to Gassin bears upon the land; that the obligations entered into by the heirs are only extensions of the original mortgage by their ancestor to Gassin; that as against that mortgage the homestead claim can not have effect. The plaintiff contends that as to Frederick M. Beelman, he can not claim the benefit of the homestead law, because at the time he executed his note and mortgage he was unmarried, and had no one dependant upon him for a support. Judgment as to him was rendered by the lower court in favor of the plaintiff, ignoring his homestead claim, from which he appealed.
The original mortgage to Gassin, executed by John M. Beelman on the twenty-eighth of March, 1861, was not reinscribed within ten years, but the plaintiff holds that the inscription of the mortgages renewing and recognizing it, before the expiration of the ten years, was equivalent to reingcription. He contends, further, that the notes sued on do not represent a debt created subsequently to 1865, the year the homestead law claimed by the defendants was enacted. On the part of the defendants it is urged that there was a novation of the original debt; that if the attempt were made to enforce the original mortgage to Gassin, the answer would be that no such mortgage exists, for the record shows that it has been erased; besides, by the assent of the creditor new mortgages, granted by different parties in 1867, have been substituted for it. The defendants herein, it seems, are not held as heirs ot John M. Beelman, but rather upon conventional contracts of their own; they should then be held upon such contracts alone.
The authorities we are referred to by plaintiff’s counsel, in relation to the homestead right, refer, we think, to the provisions made under the act of 1852, for indigent widows and children. The obligations sued upon were entered into in 1867, subsequent to the passage of the homestead law of 1865. We are of the opinion that there was a novation in this case. Whether the original mortgage was valid against the heirs or not, for want of reinscrption, it is unnecessary to inquire. It was abandoned and became inoperative by the consent of the original mortgagee, who received in lieu thereof the new obligations which are now sought to be enforced.
With this view of the subject we tliiDk the judgment of the lower court correct, the defendants, Alexander Beelman and Mrs. Tinney, having shown that they come within the provisions of the statute *279 granting homesteads. The judgment of the lower court as to these ■defendants is therefore affirmed with costs.
The appeal in the case of the same plaintiff against Frederick M. Beelman is not before us in this record, although incidentally referred to in our statement of the facts of this case.
Rehearing refused.